I .WILLIAMS, Judge.
The plaintiffs, Mitch West and Kristi West, appeal a judgment in favor of the defendants, Deanna Laing and Estelle Crawford. The district court sustained the defendants’ exception of prescription. For the fobowing reasons, we reverse and remand.
FACTS
In 1994, Estelle Crawford and her late husband, Dudly Crawford, donated a parcel of land and a residence to their daughter, Deanna Laing. The Crawfords continued to occupy the residence. In 1999, Mitch and Kristi West believed they had reached an agreement with Laing and the Crawfords to purchase the land and the house, with the understanding that the Crawfords could remain on the property until their deaths. However, this agreement apparently was not reduced to writing.
According to the Wests, .over the next two years they obtained an appraisal of the property, built a new fence and placed a shed on the land in addition to other improvements. In April 2001, Dudly Crawford died and several months later Estelle Crawford was placed in a nursing home. In November 2001, the Wests observed a “For Sale” sign on the. property.
On December 14, 2001, the plaintiffs, Mitch and Kristi West, filed a petition for damages against the defendants, Deanna Laing and Estelle Crawford. The plaintiffs alleged that they had rebed to their detriment upon representations by the defendants regarding the sale of the immovable property and that defendants would be unjustly enriched as a result. The defendants filed exceptions of prescription, vagueness and no cause of action.
1 ¡After a hearing, the district court found that the plaintiffs’ claims of either negligence or fraud had prescribed on the face of the December 2001 petition, which referred only to the date of 1999. The court rendered judgment sustaining the exception of prescription and dismissing plaintiffs’ claims. Plaintiffs appeal, the judgment. Defendants filed an answer to the appeal seeking amendment of the judgment to assess all costs and reasonable attorney fees against the plaintiffs.
DISCUSSION
The plaintiffs contend the district court erred in -sustaining the exception of prescription. Plaintiffs argue that their suit was timely filed because their petition al *12 leged personal causes of action subject to a ten-year prescriptive period, or alternatively, that they filed suit within one year of learning of their cause of action in November 2001.
The petition shall contain a short and concise statement of all causes of action arising from, and material facts related to, the transaction that is the subject of the litigation. LSA-C.C.P. art. 891. Del-ictual actions are subject to a liberative prescription of one year. This period begins to run from the day injury or damage is sustained. LSA-C.C. art. 3492. The nature of the obligation breached determines the applicable prescriptive period. Harrison v. Gore, 27,254 (La.App.2d Cir.8/23/95), 660 So.2d 563; Dean v. Hercules, Inc., 328 So.2d 69 (La.1976).
The doctrine of contra non valen-tem suspends prescription where a cause of action is not known or reasonably knowable by the plaintiff. In such a situation, prescription begins when the injured party discovers or | ashould have discovered facts upon which the cause of action is based. Senn v. Bd. of Sup’rs of Louisiana State University, 28,599 (La.App.2d Cir.8/21/96), 679 So.2d 575.
In the present case, plaintiffs contend their claims are quasi-contractual in nature because they acted to improve the land based upon representations of the defendants. However, the record indicates that plaintiffs did not act for the benefit of the defendants. Instead, the plaintiffs acted to improve the land for their own benefit, with the expectation that they would purchase the land. Thus, the nature of the defendants’ alleged breach of an obligation to the plaintiffs is more closely associated with an action in damages for tort. Consequently, the applicable prescriptive period for plaintiffs’ action is one year.
In its written reasons for judgment, the district court found that because only the date of “1999” was mentioned in the petition, the plaintiffs’ suit filed two years later in 2001 had prescribed. However, we note that plaintiffs alleged in paragraph eighteen of the December 2001 petition that Laing “recently” had offered the land for sale contrary to the plaintiffs’ interests. Thus, the petition suggests that plaintiffs may not have known of the basis of their cause of action until a later date than 1999. In fact, plaintiffs argued during the hearing on the exceptions and have alleged in their appellate brief that they were not aware of a problem with their anticipated purchase of the property until November 2001, when a “For Sale” sign was placed on the land.
In this situation, we find that the plaintiffs should be allowed an | opportunity to amend their petition to provide more specific factual allegations regarding the date of discovery of their cause of action, the description and cost of the improvements allegedly made on the land and the nature of any misrepresentations. Consequently, we must conclude that the district court erred in sustaining the exception of prescription. In reaching this conclusion, we pretermit discussion of the issue raised in defendants’ answer to the appeal.
An appeal may be taken from a final judgment, from an interlocutory judgment which may cause irreparable injury and from certain reformed judgments. LSA-C.C.P. art.2083. An appeal lies from the judgment itself, not from the reasons for judgment. Wilson v. Wilson, 30,445 (La.App.2d Cir.4/9/98), 714 So.2d 35. Here, the judgment itself addressed only the exception of prescription. Thus, we are constrained from considering the other exceptions filed by defendants.
*13 CONCLUSION
For the foregoing reasons, the district court’s judgment sustaining the exception of prescription is reversed. This matter is remanded to the district court for an order directing the plaintiffs to amend their petition within a specified time period and for further proceedings consistent with this opinion. Costs of this appeal are assessed to the appellees, Deanna Laing and Estelle Crawford.
REVERSED AND REMANDED.
PEATROSS, J., concurs in the result without written reasons.